09 CIV 4016

Brent E. Pelton, Esq. [BP-1055]
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOHAMED SALEH, MOHAMED                          :
ABOUSAMRA and SAMIR CHENAN,                     :
Individually and on Behalf of All Other Persons :
Similarly Situated,                             :
                              Plaintiffs,       :
                                                :    CLASS AND COLLECTIVE
     -against-                                  :    ACTION COMPLAINT
                                                :
SHOE MANIA LLC, SHOE MANIA DC INC.,             :
SHOE MANIA HOLDING INC, SHOE MANIA              :
IX LLC, SHOE MANIA V LLC, SHOE MANIA            :
VII LLC, SHOE MANIA, INC., SHOE MANIA V,        :
INC., SHOE MANIA XI LLC, SHOEMANIA              :
CORP, MARK COHEN, ISAAC COHEN,                  :
"SAMMY," and JOHN DOES #1-10, Jointly and       :
Severally,                                      :
                                                :
                              Defendants.       :
------------------------------------------------------------X

## NATURE OF THE ACTION

1.  Plaintiffs Mohammed Saleh ("Saleh"), Mohamed Abousamra ("Abousamra") and Samir Chenan ("Chenan" and, together with Saleh and Abousamra, the "Plaintiffs") allege, on behalf of themselves and all other similarly situated current and former employees of the defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to: (i) unpaid wages from defendants SHOE MANIA LLC, SHOE MANIA DC INC., SHOE MANIA HOLDIN INC., SHOE MANIA IX LLC, SHOE MANIA V LLC, SHOE MANIA VII LLC, SHOE MANIA, INC.,

SHOE MANIA V, INC., SHOE MANIA XI LLC, SHOE MANIA CORP., MARK COHEN, ISAAC COHEN, "SAMMY" and JOHN DOES #1-10 (collectively, the "Defendants") for worked performed for which they received no compensation at all; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiffs further complain on behalf of themselves and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to (i) wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law); (ii) an additional hour of pay for each shift worked in excess of ten hours in one day along with an additional hour of pay for each split shift worked in one day, as required by the New York Labor Law; and (iii) compensation for unpaid commissions and illegal wage deductions.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

2

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Saleh was, at all relevant times, an adult individual residing in New York, New York.

7. Plaintiff Abousamra was, at all relevant times, an adult individual residing in Jersey City, New Jersey.

8. Plaintiff Chenan was, at all relevant times, an adult individual residing in Kings County New York.

9. Upon information and belief, Defendant SHOE MANIA DC INC. is a New York corporation with its principal place of business in the City, County and State of New York.

10. Upon information and belief, Defendant SHOE MANIA HOLDING INC. is a New York corporation with its principal place of business in the City, County and State of New York.

11. Upon information and belief, Defendant SHOE MANIA IX LLC is a New York corporation with its principal place of business in the City, County and State of New York.

12. Upon information and belief, Defendant SHOE MANIA LLC is a New York corporation with its principal place of business in the City, County and State of New York.

13. Upon information and belief, Defendant SHOE MANIA V LLC is a New York corporation with its principal place of business in the City, County and State of New York.

14. Upon information and belief, Defendant SHOE MANIA VII LLC is a New

York corporation with its principal place of business in the City, County and State of New York.

15. Upon information and belief, Defendant SHOE MANIA XI LLC. is a New York corporation with its principal place of business in the City, County and State of New York.

16. Upon information and belief, Defendant SHOE MANIA, Inc. is a foreign corporation doing business in the City, County and State of New York.

17. Upon information and belief, Defendant SHOE MANIA V, Inc. is a foreign corporation doing business in the City, County and State of New York.

18. Upon information and belief, Defendant SHOEMANIA CORP. is a foreign corporation doing business in the City, County and State of New York.

19. Upon information and belief, MARK COHEN is an officer, director and/or managing agent of the Corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

20. Upon information and belief, Defendant ISAAC COHEN is an officer, director and/or managing agent of the Corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate

Defendants.

21. Upon information and belief, Defendant "SAMMY," whose full and complete identity is unknown at this time but who goes by the name "Sammy" at Shoe Mania's Union Square location, is an officer, director and/or managing agent of the Corporate Defendants, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

22. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendants.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

23. Pursuant to 29 U.S.C. §207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since April 23, 2006 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective

Action Members").

24. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least several hundred Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

25. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

26. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

27. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

28. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

29. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

7

30. Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since April 23, 2003 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages, overtime wages and spread-of-hour pay in violation of the New York Labor Law (the "Class").

31. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are several hundred members of the Class during the Class Period.

32. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

33. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34. Plaintiffs have committed themselves to pursuing this action and they has retained competent counsel experienced in employment law and class action litigation.

35. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

36. There are questions of law and fact common to the Class which predominate

over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked and premium pay for hours worked in excess of forty hours per workweek;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f. whether the Defendants improperly made payroll withholdings from Plaintiffs and the members of the Class in violation of the New York Labor Law;

g. whether Defendants failed to pay Plaintiffs and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split shift worked in a day; and

h. whether Defendants failed to reimburse Plaintiffs and the members of the Class no less than minimum wage for all hours worked, as required by the New York Minimum Wage Act (Article 19 of the New York State Labor Law).

## STATEMENT OF FACTS

37.    At all relevant times, Defendants have been in the retail sales of shoes through

9

approximately five (5) Manhattan store locations along with online at www.shoemania.com.

38. Defendants employ in excess of one hundred (100) employees at any one time in their shoe stores and they have a high rate of turnover.

39. Plaintiffs were employed in retail sales positions and were paid on either an hourly or commission basis. While Defendants stated that they would pay Plaintiffs their hourly rate or commission, whichever was greater, Defendants failed to pay Plaintiffs minimum wage, overtime wages or spread-of-hour premium for all hours worked. While Plaintiffs typically were required to work approximately sixty-six (66) hours per week, they frequently were paid for significantly less than forty (40) hours per week.

40. Saleh worked for Defendants from September 2006 to date while Abousamra worked for Defendants from January 2008 to date and Chenan worked for Defendants from July 2008 to the present.

41. Throughout Plaintiffs' employment with Defendants, Plaintiffs typically worked sixty-six (66) hours per week as they were required to work eleven hour days six days each week.

42. Throughout much of the Time Period, Defendants only paid Plaintiffs certain commission amounts, but at rates much lower than what they were initially told and at hourly rates below minimum wage. Plaintiffs received no additional compensation for working split shifts or "spread of hours" pay, as required by New York State Labor Law, when they worked over ten hours in any one day. Plaintiffs was given infrequent breaks and were typically required to work through lunch.

43. Upon information and belief, Defendants similarly paid other sales associates at rates below the applicable minimum and failed to pay time and one-half premium pay for

10

overtime hours worked in excess of forty (40) hours per week, additional compensation for working split shifts or a spread of hours in excess of ten (10) hours per day. Defendants also deducted money from Plaintiffs' wages, as well as the wages of the Class members, for stolen shoes, for being late to work, for talking on the phone and for allowing displays to become cluttered.

44. Throughout the Time Period, Plaintiffs were typically required to work well in excess of forty hours per week and typically approximately sixty-six hours per week, and Defendants' failed to pay Plaintiffs overtime compensation for hours worked in excess of forty hours per week or an additional hour of pay for: (i) each hour worked in excess of ten hours in one day and (ii) an additional hour of pay for each split shift worked in a day. Defendants also failed to pay Plaintiffs for all hours that they worked during the Time Period.

45. Plaintiffs work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

46. The work performed by Plaintiffs required little skill and no capital investment.

47. Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs overtime compensation of one and one-half times her regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

48. In addition to the Plaintiffs, throughout the Time Period, Defendants usually employed at least one hundred other employees simultaneously and Defendants had high rates of employee turnover.

49. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise

employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment providing retail sales and stocking services.

50. Such individuals have worked in excess of 40 hours a week and over ten hours per day, yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

51. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

52. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

53. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment and while the Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

54. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55. At all relevant times Defendants have been and continue to be an employer

engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

57. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

58. Plaintiffs consent to be a party to this action, pursuant to 29 U.S.C. §216(b), and their written consents are attached hereto and incorporated by reference.

59. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

60. As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

3. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants their unpaid wages and minimum wages, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

63. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64. At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

66. The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

4. Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, an additional hour of pay for each hour worked in excess of ten hours

14

in one day, an additional hour of pay for each split shift worked in a day, damages for unreasonably delayed payment of wages, reimbursement for commissions wrongfully withheld, reimbursement for improper payroll deductions, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al and § 196-d. Plaintiffs seek liquidated damages, pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

d. An award of unpaid minimum wages, wages for all hours worked and overtime compensation due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

f. An award of unpaid commissions, reimbursement for improper payroll deductions and damages arising out of the non-payment of wages;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 23, 2009

PELTON & ASSOCIATES PC

By: _____
Brent E. Pelton (BP 1055)

Attorney for Plaintiffs, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, 9th Floor
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

April 14, 2009
Page 6

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Shoe Mania and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   4-14-09        MoHAMED ABouSAMRA
       Signature                Date                    Printed Name

April 21, 2009
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Shoe Mania, Inc. and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    04-21-2009    _SAMIR CHENAN_.
Signature                  Date           Printed Name

April 14, 2009
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Shoe Mania and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_M. Saleh_           04/14/09                    _Mohamed Saleh_
   Signature            Date                         Printed Name