UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THIERNO BAH, et al,

        Plaintiffs,

- against –

SHOE MANIA, INC., et al.,

        Defendants.
------------------------------------------------------------x
MOHAMED SALEH, et al,

        Plaintiffs,

- against –

SHOE MANIA, INC., et al.,

        Defendants.
------------------------------------------------------------x
IBRAHIMA BERTHE,

        Plaintiff,

- against –

SHOE MANIA, INC., et al.,

        Defendants.
------------------------------------------------------------x
BLAY BOAFUL, et al,

        Plaintiffs,

- against –

SHOE MANIA, INC., et al.,

        Defendants.
------------------------------------------------------------x

08 Civ. 9380 (LTS) (AJP)

09 Civ. 4016 (LTS) (AJP)

09 Civ. 4107 (LTS) (AJP)

09 Civ. 7666 (LTS) (AJP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 18 MAY 2010

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

The parties to this consolidated action, captioned *Mohamed Saleh, et al. v. Shoe Mania, LLC .et al*, Civil Action No. 09-CV-4016, *Thierno Bah v. Shoe Mania, Inc. et al*, Civil Action No. 08-CV-9380, *Ibrahima Berthe v. Shoe Mania, Inc .et al*, Civil Action No. 09-CV-4107, and *Blav Boaful v. Shoe Mania, LLC. et al*, Civil Action No. 09-CV-7666 (hereinafter collectively referred to as the "Action"), have agreed to settle all claims arising out of this lawsuit. Based upon an examination of the Settlement Agreement, Release and Waiver (the "Settlement Agreement") between named plaintiffs Mohamed Saleh, Mohamed Abousamra, Samir Chenan, Thierno Bah, Ibrahima Berthe and Blay Boaful (collectively, the "Named Plaintiffs" or "Class Representatives"), on the one hand, and Shoe Mania, LLC, Shoe Mania, Inc., Shoe Mania DC Inc. Shoe Mania Holding Inc., Shoe Mania IX LLC., Shoe Mania IX Inc., Shoe Mania V LLC., Shoe Mania V Inc., Shoe Mania VII LLC., Shoe Mania VII Inc., Shoe Mania XI Inc., Shoe Mania XI, LLC, Shoe Mania Corp. (collectively, "Shoe Mania"), Mark Cohen, Isaac Cohen, Hamdi Maialden S/H/A "Sammy" (collectively, the "Individual Defendants" and collectively with Shoe Mania, the "Defendants"), on the other hand, and upon an examination of the Joint Motion for Preliminary Approval of Settlement of Class Action (the "Joint Application") and all supporting papers submitted by Plaintiffs and Defendants (the "Parties"), and finding good cause,

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this action and the Parties pursuant to 28 U.S.C. § 1331 [handwritten correction from 1332] and § 1337.

2. Venue is proper in this District.

2

3. On a preliminary basis for settlement purposes only, the Court finds that the *Fed. R. Civ. P.* 23 factors are present and that certification of the proposed Settlement Class, as defined and set forth below, is appropriate under Rule 23 and Rule 23(b)(3).

4. The Settlement Class shall be defined as follows:

All current and former Retail Sales Persons, Stock Persons, Security Guards, Cashiers, Managers, Assistant Managers and Office Personnel who worked for Defendant in New York between October 13, 2002 and [date of Preliminary Approval] and who have not opted-out of the Action.

5. The Court preliminarily finds for settlement purposes only that the proposed Settlement Class (and, together with the Class Representatives, the "Plaintiffs") described above satisfies the following factors of Rule 23(a) and Rule 23(b)(3):

a. NUMEROSITY: The Court finds that the proposed Settlement Class is sufficiently numerous such that individual joinder of all its members is impracticable. Thus, the Rule 23(a)(1) numerosity requirement has been met.

b. COMMONALITY/PREDOMINANCE: The Court finds that there are many questions of law and fact common to the Settlement Class and that those questions substantially predominate over any questions that may affect individual class members and satisfy Rules 23(a)(2) and 23(b)(3).

c. TYPICALITY: The Court finds that the proposed Settlement Class' claims arise from substantially the same course of conduct and share substantially the same facts and legal theories as do the claims of the Class Representatives. Furthermore, the Class Representatives will advance the interests of the Settlement Class. The Class Representatives' claims are thus typical of the claims of the members of the Settlement Class and satisfy Rule 23(a)(3).

d.  ADEQUACY:  The Court finds that the Class Representatives assert claims representative of the claims of the entire Settlement Class. Even though the claims may not be identical to claims of every member of the Settlement Class, the Class Representatives adequately represent the Settlement Class because the Class Representatives' claims include virtually all of the most viable claims of the Settlement Class. The adequacy factor also considers Class Counsel. In this case, Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is, therefore, satisfied.

e.  SUPERIORITY:  Resolution of all claims of the Settlement Class, fixing compensation for damages incurred, is superior to numerous trials that would risk disparate results for similarly situated individuals. The cost of litigation on a case-by-case basis would be extremely costly for each Plaintiff and the members of the Settlement Class, and piecemeal litigation would tax the resources of the judiciary. Accordingly, the Court finds that a class action is superior to other available methods for the fair and efficient adjudication of the present controversy.

6.  The Court preliminarily approves the Settlement Agreement, together with all of its Exhibits, as being fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval, such that the terms and conditions shall be considered by the members of the Settlement Class.

7.  The Court appoints Pelton & Associates, PC and Mark L. Lubelsky & Associates to serve as Class Counsel.

8.  The Court approves the form and content of the Notice of Proposed Settlement ("Notice") and Class Member Verification & Release ("Verification Form") attached as Exhibits

4

B and C to the Declaration of Class Counsel, with changes as indicated on the page attached hereto, as satisfying the requirements of Rule 23 and due process.

9. The Court preliminarily approves the Enhancement payments to the Class Representatives, as set forth in the Settlement Agreement, based on the Class Representatives' substantial service to the Settlement Class.

10. The Court directs that Simpluris, Inc. ("Simpluris") be confirmed to act as Claims Administrator, as set forth in Section 8 of the Settlement Agreement, and directs the Claims Administrator to disseminate the Notice and Verification Form in the following manner, which satisfies the requirements of Rule 23 and due process: Within fourteen (14) days following the entry of this Order, the Claims Administrator shall mail to all members of the Settlement Class the Notice and the Verification Form. The Claims Administrator will use such standard skip-tracing devices as deemed reasonable to obtain forwarding addresses and will forward returned mail to ensure that the Notice and the Verification Form are sent to all members of the Settlement Class. It will be conclusively presumed that, if an envelope so mailed has not been returned within sixty (60) days of the mailing, that the member of the Settlement Class received the Notice. With respect to returned envelopes, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within twenty (20) days of the receipt of the returned envelope.

11. Members of the Settlement Class who do not opt-out of the Settlement will release all claims against Defendants except workers' compensation, retaliation claims arising out of Plaintiffs participation in the Action, and certain statutory claims, as set forth in the Settlement Agreement, and will automatically participate in the monetary recovery based on their employment period with Defendants. The Verification Form will confirm the Class

5

member's dates of employment and address and will contain a general release of claims against Defendants.

12.     Members of the Settlement Class who disagree with the dates of employment set forth in the Verification Form may dispute the employment period by providing Simpluris with payroll documentation to support their claimed employment period. All disputes must initially be addressed with Simpluris, and must be submitted in writing and received within sixty (60) days of the date of the Notice. Simpluris shall provide a written response ("Response") to the dispute within ten (10) days. In the event the dispute is not resolved satisfactorily, the member of the Settlement Class may submit a written appeal ("Appeal") to Simpluris within ten (10) days of the date set forth on the Response. Such Appeal shall include all evidence that is to be considered, and will be resolved by Class Counsel based on the evidence provided.

13.     Members of the Settlement Class who wish to participate in the Settlement but comment on, or object to, the terms of the Settlement Agreement shall submit such comment(s) or objection(s), together with any supporting materials the commenter or objector wishes the Court to consider prior to its determination of whether the Settlement shall be granted final approval. These comments or objections must be sent to the Claims Administrator within sixty (60) days of the mailing of the Notice. Members of the Settlement Class may not object to terms of the Settlement Agreement at the final approval hearing ("Fairness Hearing") not addressed in their written objection.

14.     Members of the Settlement Class who do not wish to participate in the Settlement must mail a written, signed statement to Simpluris, 3176 Pullman St., Suite 123, Costa Mesa, CA 92626 stating that they are opting out of the settlement ("Opt-out Statement"). The opt-out

Statement must be received by Simpluris within sixty (60) days of the date of this mailing of the Notice.

15. Any member of the Settlement Class who does not properly submit an Opt-out Statement will be deemed to have accepted the Settlement and the terms of the Settlement Agreement and will be issued a Settlement Check, which will contain a general release of state, federal and common law claims against Defendants, as set forth in the Settlement Agreement.

16. The Court directs that, pursuant to Rule 23(e), a Fairness Hearing be scheduled for September 10, 2010 at 3:00pm at the U.S. Courthouse, 500 Pearl Street, New York, New York, to assist the Court in determining whether certification is appropriate and whether the proposed Settlement Agreement is fair, reasonable and adequate. No later than seven (7) days prior to the date of the scheduled Fairness Hearing, Plaintiffs and Defendants, either jointly or separately, shall file with the Court all Objections, Opt-out Statements submitted by the members of the Settlement Class and the details of any claim-amount disputes. The parties may also submit any statement of facts, memorandum of law, affidavit, declaration, exhibit, or other documentary evidence in support of their contention that the proposed settlement is adequate, fair and reasonable. No later than seven (7) days prior to the date of the scheduled Fairness Hearing, each party may also file with the Court a list of experts and witnesses that the party wishes to present at the Fairness Hearing in support of its contention that the proposed settlement is adequate, fair and reasonable. Class Counsel may submit a motion for approval of costs and attorneys' fees no later than seven (7) days prior to the date of the scheduled Fairness Hearing.

17. Objectors to the Settlement may be heard at the Fairness Hearing; however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless, not later than sixty (60) days from the date of the Notice, such objector (1) has

7

mailed to Simpluris a written notice of such objector's intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance; (2) such objector to any of the applications before the Court submits, personally or by counsel, a written statement describing in full the basis for such objector's opposition and attaches any supporting documentation and a list of any and all witnesses or experts whom such objector shall present to the Court; and (3) in the event they wish to submit written materials to the Court, they must serve, on or before sixty (60) days from the date of the Notice, copies of such written materials to Simpluris at the address set forth in Section 6 of the Notice.

18.　　The Court may postpone, adjourn or continue the Fairness Hearing without further notice of any such scheduling change to members of the Settlement Class who have not submitted a timely and valid objection to the Settlement Agreement.

19.　　Pending final approval of the Settlement Agreement, no member of the Settlement Class, either individually, derivatively, in a representative capacity, or in any other capacity, shall commence any action, or proceed with any pending action, in any court tribunal against any of the Defendants, as that term is defined in the Settlement Agreement, asserting any of the claims waived or released under the terms of the Settlement Agreement.

20.　　In the event the Settlement Agreement terminates pursuant to its terms for any reason, including but not limited to the Parties' failure to obtain final approval of the Settlement, the certification of the Settlement Class provided pursuant to this Order shall be vacated automatically, and this action shall revert to its status immediately prior to the execution of the Settlement Agreement. All other orders and findings entered in connection with the Joint Application shall become null and void and have no force and effect whatsoever.

21. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the proposed settlement that are not materially inconsistent with this Order or the Joint Application, including making, without further approval of the Court, minor changes to the content of the Notice and other exhibits that they jointly agree are reasonable or necessary.

ORDERED this 17th day of May, 2010.

_____
The Honorable Laura Taylor Swain, U.S.D.J.

05/17/2010 Case 1:09-cv-04016-LTS Document 118 Filed 05/18/2010 Page 9 of 10

workers compensation claims, retaliation claims arising out of this lawsuit, which may only be addressed through the Union, and certain other statutory claims. You will be included in the Settlement and will release all claims as set forth above unless you opt-out of the Settlement. If you opt-out of the Settlement, you will not participate in any monetary recovery from the Settlement.

  *f.* *If Court Does Not Approve the Proposed Settlement*

If the Settlement is not approved, the case will proceed as if no Settlement was attempted. There can be no assurance that if the Settlement is not approved, that the Class Members will recover more than is provided for in the Settlement, or that there will be any monetary recovery whatsoever.

  *g.* *Defendants' Ability to Void the Settlement*

The Defendants have the right to withdraw from the Settlement and to make the Settlement void if two or more members of the Settlement Class opt-out. If this happens, the case will proceed as if no settlement was attempted, except that the confidentiality provision described below will stay in effect.

  *h.* Defendants' Ability to Pay

Shoe Mania represents that it lost over one million dollars ($1,000,000.00) in 2009, and the Settlement Agreement grants Plaintiffs the right to examine Shoe Mania and Mark Cohen's financial records. In the event that a review of such financial records reveals that Shoe Mania did not lose over one million dollars ($1,000,000.00) in 2009, or that these Defendants maintain significant net financial resources available to pay additional sums towards the Settlement, Plaintiffs may terminate this Agreement within one month of receipt of appropriate financial disclosures.

  *i.* *Confidentiality*

Pursuant to the terms of this Settlement Agreement, the Settlement with Shoe Mania is required to remain confidential. While you may speak about the Settlement with other Class Members, you may not disclose the terms of the Agreement with other third parties except your spouse, attorney and tax advisor, who must in turn keep the terms of the Settlement confidential.

**4.** **Class Counsel**

Should you have additional questions regarding this Action and/or the Settlement, please contact Class Counsel:

  Brent E. Pelton, Esq.    Mark Lubelsky, Esq.
  Pelton & Associates P.C.   Mark L. Lubelsky and Associates
  111 Broadway, Suite 901   123 W. 18th St
  New York, NY 10006    New York, NY 10011
  (212) 385-9700      (212) 242-7480